IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL ASHE, TOM TIDWELL, FAYE KRUEGER, PAUL BRADFORD, the UNITED STATES FOREST SERVICE, and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | CV 13–92–M–DWM<br><br><br><br>ORDER |

This is a civil action for declaratory and injunctive relief brought by Plaintiff, Alliance for the Wild Rockies, under the citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g) and the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq*. (Doc. 19 at 2.) Defendants are the United States Forest Service, the United States Fish & Wildlife Service, and related agency supervisory officials. (*Id*. at 4.) Plaintiff's suit challenges the Forest Service's April 2, 2012 decision to approve the Young Dodge project ("the Project"), largely within the Kootenai National Forest in northwestern Montana. (*Id*. at 2.) Two

motions are now before the Court. Plaintiff moves for a preliminary injunction to prevent the Project's implementation while the merits of the Complaint are under review. (Doc. 7.) Defendants move to strike two exhibits submitted by Plaintiff contemporaneous to its Reply in support of the Motion for Preliminary Injunction. (Doc. 15.)

The applicable legal standard for a preliminary injunction is a matter the parties dispute. Plaintiff argues that the formulation set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and the sliding scale approach articulated by *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011), is appropriate in this case. (Doc. 8 at 11.) Plaintiff, however, goes on to argue that an injunction is the mandatory remedy in an Endangered Species Act case where a plaintiff raises substantial questions on the merits of the Endangered Species Act claim, unless the agency proves its actions will not result in a substantive violation of the Act. (*Id*. at 12 *citing Wash. Toxics Coalition v. EPA*, 413 F.3d 1031, 1035 (9th Cir. 2005).) Defendant argues the *Winter* and sliding scale tests are appropriate, and states that it is Plaintiff's burden to meet each of the factors set forth in the relevant tests. (Doc. 12 at 15-16 *citing DISH Network Corp. v. FCC*, 653 F.3d 771, 777 (9th Cir. 2011).) Defendant contests application of the *Washington Toxics* formulation to this case, arguing

that standard only applies in the context of an agency action already found to have violated the Endangered Species Act. (Doc. 12 at 27 *citing Wash. Toxics*, 413 F.3d 1024 at 1029.)

This dispute is understandable, given the conflicting line of cases that has developed in the Ninth Circuit regarding the preliminary injunction standard in Endangered Species Act cases. *See Alliance for the Wild Rockies v. Krueger*, 950 F. Supp. 2d 1196, 1200-04 (D. Mont 2013) (collecting cases). To reconcile this conflicting line of authority, this Court adopted a burden shifting approach to evaluate a motion for preliminary injunction in an Endangered Species Act case. *Id*. This approach requires:

> 1. A plaintiff must initially allege a specific irreparable harm resulting from the ESA violation so that the Court can tailor an injunction to remedy the specific harm. If the plaintiff does so, then the Court presumes that the challenged action will cause irreparable harm.
>
> 2. The agency can rebut this presumption by showing that the challenged action will not jeopardize the species or destroy or adversely modify its critical habitat.
>
> 3. If the agency comes forward with evidence that the challenged action will not jeopardize the species or destroy or adversely modify its critical habitat, then an injunction should be issued only if the plaintiff produces evidence that such harm is at least likely. If the evidence from both sides presents a close question, then the court should err on the side of issuing an injunction

*Id.* at 1204. Neither Plaintiff nor Defendant frame their arguments on the pending Motion using this Court's burden shifting approach.

That issue, coupled with the introduction of exhibits probative of irreparable harm in Plaintiff's Reply in support of its Motion, (Docs. 13-1 and 13-2), which Defendants now seek to strike from the record, (Doc. 15), warrants denial of Plaintiff's Motion, subject to renewal. The Court is aware that challenged project activities are slated to begin this spring, (Doc. 12-1), and will give any renewed Motion prompt consideration.

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction, (Doc. 7), is DENIED SUBJECT TO RENEWAL. The parties are directed to apply the legal standard set by the Court in *Alliance for the Wild Rockies v. Krueger*, 950 F. Supp. 2d 1196 (D. Mont 2013), in any renewed Motion.

IT IS FURTHER ORDERED that Defendant's Motion to Strike, (Doc. 15), is DENIED AS MOOT.

DATED this 31st day of March, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT